IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| JOHN CHOFF, | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) |
| v | ) 2:10-cv-1423 |
| | ) |
| NEXTIER BANK, | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |

## MEMORANDUM ORDER

Pending before the Court is DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT OR, ALTERNATIVELY, MOTION TO DISMISS WITH PREJUDICE (Document No. 24). Defendant Nextier Bank ("Nextier") filed a brief in support and a Concise Statement of Material Facts. Plaintiff John Choff ("Choff") filed a response in opposition to the motion and it is ripe for disposition.[1] The question before the Court is whether Choff has exhausted his administrative remedies under the Pennsylvania Human Relations Act ("PHRA"). Also pending is DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME TO FILE RESPONSIVE PLEADING (Document No. 31), to which Plaintiff has not yet filed a response.

Procedural History

The initial Complaint was filed in this Court on October 26, 2010. Three days later, Choff filed a First Amended Complaint. Paragraph 3 of the Complaint and Amended Complaint states that the action arose under the Age Discrimination in Employment Act ("ADEA") and

---

[1] Also pending is Defendant's MOTION FOR RECONSIDERATION (Document No. 26), which addresses the Court's Order of March 30, 2011 that Plaintiff be permitted to file a Second Amended Complaint. In light of the procedural posture of this case, the MOTION FOR RECONSIDERATION (Document No. 26) is **DENIED AS MOOT**.

1

"Also under the PHRA by later amendment." Paragraph 16 of the Complaint and Amended Complaint states that Choff had filed a charge of discrimination with both the EEOC and PHRA and averred: "The PHRC continues to investigate Plaintiff's charge." Attached as an exhibit was a May 3, 2010 letter to Choff from the Pennsylvania Human Relations Commission ("PHRC") which stated: "After one year, if the case is still pending, the complainant will be notified of his/her right to file in the appropriate court of common pleas."

Defendant Nextier filed an Answer in which it alleged, inter alia, that Choff had failed to exhaust his administrative remedies. The Court conducted a case management conference on February 22, 2011. A mediation conference is scheduled to be conducted on April 27, 2011.

On March 30, 2011, Plaintiff filed a Second Amended Complaint with leave of Court, in accordance with standard practice. Plaintiff now asserts a claim under the PHRA and avers that he has exhausted his administrative remedies. Second Amended Complaint ¶¶ 3, 16 and Count III. Attached as an exhibit is a November 16, 2010 letter from the PHRC, which stated that the PHRC "has closed the above referenced case." The reason given by the PHRC for closing the administrative case was: "You filed a civil action in state or federal court."

Standard of Review

At the summary judgment stage, the court must view the facts in a light most favorable to the non-moving party, and the burden of establishing that no genuine issue of material fact exists rests with the movant. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). The "existence of disputed issues of material fact should be ascertained by resolving all inferences, doubts and issues of credibility against the moving party. *Ely v. Hall's Motor Transit Co.*, 590 F.2d 62, 66

(3d Cir. 1978) (*quoting Smith v. Pittsburgh Gage & Supply Co.,* 464 F.2d 870, 874 (3d Cir. 1972)).

Legal Analysis

Defendant seeks summary judgment (or, in the alternative, dismissal with prejudice) on the PHRA claim due to Plaintiff's alleged failure to exhaust his administrative remedies. The practical effect of Defendant's motion is that Plaintiff would be precluded from recovering compensatory damages, as such are not available under the ADEA.

The Court agrees with Defendant's general premise that the PHRC has exclusive jurisdiction over a discrimination claim for an entire year, as provided in 43 P.S. § 962(c). Thus, a PHRA claim filed in federal court prior to the expiration of this one-year period should typically be dismissed for failure to exhaust administrative remedies. However, the situation in this case is more nuanced. As Nextier acknowledges, the PHRC closed Choff's case prior to the one-year time limit, as explained in its letter of November 16, 2010.

Defendant asks the Court to "interpret Plaintiff's filing of his [federal] Complaint as a request to close his case with the PHRC." Defendant's Brief at 5. Defendant points out that the reason given by the PHRC for closing its administrative case was that Choff had filed a civil action in this Court. In *Schweitzer v. Rockwell Int'l*, 586 A.2d 383 (Pa. Super. 1990), upon which Defendant heavily relies, the Pennsylvania Superior Court held that a claimant had failed to exhaust her administrative remedies when she requested that the PHRC transfer her file to the EEOC nine months after her filing with the PHRC.

*Schweitzer* is readily distinguishable. In *Schweitzer*, the claimant made an affirmative request to the PHRC to close her file prior to the expiration of the one-year period and conceded

3

that she had failed to exhaust her administrative remedies. *Id*. at 386-87. There is no evidence that Choff made any comparable request to the PHRC. To the contrary, Choff's original and First Amended Complaint did not assert a PHRA claim, but instead averred that the PHRC's investigation was ongoing, and alerted the Court that the Complaint would be amended at a later date to add a PHRA claim. The PHRC apparently acted on its own volition to close Choff's administrative case. Only after receiving the November 16, 2010 letter did Choff assert a PHRA claim as Count III of the Second Amended Complaint. On this record, Choff did not affirmatively act to prematurely terminate his PHRC administrative case, as occurred in *Schweitzer*. In other words, Choff did not fail to exhaust his administrative remedies, as those remedies were cut off by the PHRC's closure of the administrative case.

The filing of a PHRA claim in the Second Amended Complaint is consistent with the text of 43 P.S. § 962(c), which states, in relevant part: "If within one (1) year after the filing of a complaint with the Commission, the Commission dismisses the complaint . . . the Commission must so notify the complainant." In this case, the PHRC did dismiss Choff's complaint and provided notice by letter dated November 16, 2010. Section 962(c) then states: "Upon receipt of such a notice the complainant shall be able to bring an action in the courts . . . ." Choff asserted his PHRA claim in this Court only after receiving such notice from the PHRC.

In summary, Choff filed his PHRA claim in this Court after the PHRC had given him notice that it had closed its administrative case. There is no evidence in this record that Choff took any affirmative action to prematurely terminate the administrative process. Accordingly, Choff did not fail to exhaust his administrative remedies and DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT OR, ALTERNATIVELY, MOTION TO DISMISS WITH PREJUDICE (Document No. 24) is **DENIED**.

DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME TO FILE RESPONSIVE PLEADING (Document No. 31) is **GRANTED**. Defendant shall file an Answer to the Second Amended Complaint on or before April 29, 2011.

SO ORDERED this 15th day of April, 2011.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Neal A. Sanders, Esquire**
Email: lonas@earthlink.net
**Dirk D. Beuth, Esquire**
Email: dbeuth@comcast.net

**Theresa L. Wasser, Esquire**
Email: tlwasser@wasserlegal.com
**Ernest Simon, Esquire**
Email: esimon@consolidated.net