IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| JOHN CHOFF, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | |
| v | ) | 2:10-cv-1423 |
| | ) | |
| NEXTIER BANK, | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM ORDER**

Pending before the Court is DEFENDANT'S MOTION FOR RECONSIDERATION OF MOTION FOR PARTIAL SUMMARY JUDGMENT OR, ALTERNATIVELY, MOTION TO DISMISS WITH PREJUDICE (Document No. 33) filed by Defendant Nextier Bank ("Nextier"). Plaintiff John Choff ("Choff") filed a response in opposition to the motion and it is ripe for disposition.

The factual and procedural background is set forth in the Court's Memorandum Order of April 15, 2011 and will not be repeated in full. The issue before the Court is whether Choff has exhausted his administrative remedies under the PHRA. The practical effect of Defendant's motion is that Plaintiff would be precluded from recovering compensatory damages, as such are not available under the ADEA. A mediation conference is scheduled on April 27, 2011.

In Choff's initial Complaint and First Amended Complaint, he averred that he had filed a charge of discrimination with both the EEOC and PHRA and indicated his intention to assert a PHRA claim when the administrative process was concluded. On November 16, 2010, the PHRC sent Choff a letter which stated that it "has closed the above referenced case." On March 30, 2011, Plaintiff filed a Second Amended Complaint with leave of Court, to assert the PHRA claim.

1

Standard of Review

A motion for reconsideration is an extraordinary remedy that should be used sparingly and limited to exceptional circumstances. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985). Reconsideration is not appropriate where a movant is simply seeking a "second bite at the apple." *Calhoun v. Mann* *1 (E.D. Pa. January 22, 2009).

Legal Analysis

Defendant does not point to a manifest error of law or fact and does not present any new evidence. Instead, Defendant again relies on *Schweitzer v. Rockwell Int'l*, 586 A.2d 383 (Pa. Super. 1990), and asks the Court to interpret Plaintiff's filing of his federal Complaint as a request to close his case with the PHRC. The Court again is unpersuaded by Defendant's argument.

In *Schweitzer*, the claimant made an affirmative request to the PHRC to transfer her file to the EEOC prior to the expiration of the one-year period. In her brief, Schweitzer "concede[d] that she failed to exhaust her administrative remedies." *Id*. at 386. On appeal, Schweitzer "argue[d] that she did not ask the Commission to close her case but rather she made a conditional recommendation that the Commission transfer her case to the EEOC." *Id*. The Pennsylvania Superior Court rejected this argument and "interpret[ed] Sweitzer's request to transfer her case to the EEOC as a request to close her case with the [PHRC]." *Id*. at 387.

The Court reiterates its determination that *Schweitzer* is distinguishable from this case:

There is no evidence that Choff made any comparable request to the PHRC. To the contrary, Choff's original and First Amended Complaint did not assert a PHRA claim, but instead averred that the PHRC's investigation was ongoing, and alerted the Court that the Complaint would be amended at a later date to add a

2

> PHRA claim. The PHRC apparently acted on its own volition to close Choff's administrative case. Only after receiving the November 16, 2010 letter did Choff assert a PHRA claim as Count III of the Second Amended Complaint. On this record, Choff did not affirmatively act to prematurely terminate his PHRC administrative case, as occurred in *Schweitzer*.

Memorandum Order at 4. Defendant wholly fails to address this analysis in its Motion for Reconsideration. Choff's filing of this federal lawsuit (while reserving the right to later add a PHRA claim) is not analogous to Schweitzer's direct request to the PHRA that it transfer her case to the EEOC. *Accord Rideout v. Public Opinion*, 2011 WL 321104 (M.D. Pa. January 28, 2011) (distinguishing *Schweitzer* and holding that a claimant has an unconditional right to assert a claim in federal court after receiving PHRC "right to sue" letter). Choff filed his PHRA claim in this Court after the PHRC had given him notice that it had closed its administrative case. *See* 43 P.S. § 962(c).

In summary, Defendant has fallen far short of its burden to demonstrate a valid basis for reconsideration. Accordingly, DEFENDANT'S MOTION FOR RECONSIDERATION OF MOTION FOR PARTIAL SUMMARY JUDGMENT OR, ALTERNATIVELY, MOTION TO DISMISS WITH PREJUDICE (Document No. 24) is **DENIED**.

SO ORDERED this 26th day of April, 2011.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Neal A. Sanders, Esquire**
Email: lonas@earthlink.net
**Dirk D. Beuth, Esquire**
Email: dbeuth@comcast.net

**Theresa L. Wasser, Esquire**
Email: tlwasser@wasserlegal.com
**Ernest Simon, Esquire**
Email: esimon@consolidated.net